IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Patton Henson, ) | Civil Action No:   3:16-1930-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | **(Jury Trial Demanded)** |
| House of Raeford Farms, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Patton Henson, Plaintiff, ("Plaintiff") complaining of House of Raeford Farms, Inc., Defendant, ("Defendant") herein alleges that:

### NATURE OF ACTION

1.   This is an action for unpaid overtime compensation, liquidated damages, attorneys' fees, and other relief under Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

### PARTIES AND JURISDICTION

2.   Plaintiff, Patton Henson, is a citizen of the State of South Carolina and resides in the town of Lexington. Plaintiff was formerly employed by Defendant. Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. § 203(e).

3.   Defendant, House of Raeford Farms, Inc., is a foreign company organized and existing under the laws of North Carolina, but which does business in South Carolina.

4.   Defendant is registered to do business in the State of South Carolina with the Secretary of State's office.

1

5. Defendant's registered agent is Clay Robinson. The registered agent's mailing address is 1901 Main Street, Suite 1200, Columbia, SC 29201.

6. Defendant's place of business is located at 441 Sunset Court, West Columbia, SC 29169.

7. Defendant is an employer within the meaning of 29 U.S.C. § 203(d).

8. Plaintiff was hired by Defendant on March 6, 2013.

9. Plaintiff remained continuously employed by Defendant until Plaintiff's employment was terminated by Defendant on November 11, 2015.

10. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

11. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as all parties reside in South Carolina. Columbia Division is the appropriate Division because at all times relevant to this claim Plaintiff was employed by Defendant at its business establishment, where all significant facts occurred, in the State of South Carolina, County of Lexington.

## FACTS

12. All prior allegations not inconsistent herewith are hereby realleged as fully and effectually as is set forth herein verbatim.

13. Defendant owns and operates a poultry company and processing plant located in West Columbia, South Carolina. Defendant's employees are placed on an assembly line and tasked with processing poultry via machinery.

14. Through approximately March 6, 2013, until November 12, 2015, Plaintiff was an employee at Defendant's poultry processing plant.

15. While working, Plaintiff suffered injuries to his head, shoulders, toes and neck on October 23, 2015. Plaintiff sought and received medical care from his personal doctor for all work-related injuries.

16. Plaintiff, while still recovering from an assortment of injuries and ailments, was forced to return to work and perform manual labor necessary to finish all tasks mandated by Defendant.

17. Plaintiff would report to work late when Plaintiff either had a doctor's appointment or was receiving injections in his toes to help subside some of Plaintiff's pain.

18. Plaintiff was a salaried employee, initially making roughly $35,000 a year but was receiving roughly $36,000 a year prior to termination.

19. During all times relevant to this complaint, Plaintiff regularly and consistently worked over 40 hours a week. During all times relevant to this complaint, Plaintiff did not ever receive overtime pay for working over 40 hours a week.

20. During all times relevant to this complaint, Plaintiff was required to report to work by 7:45 am and could not leave until 6:00 pm, at earliest. Plaintiff frequently would find himself working until 7:00 pm or even an occasional Saturday without receiving any overtime compensation.

21. During all times relevant to this complaint, Plaintiff was not an "executive," "administrative," or "professional" employee, as those terms are defined by the FLSA. *See* 29 C.F.R. § 213(a)(1).

22. By failing to compensate Plaintiff at the rate of one and a half times Plaintiff's regular rate of pay for all hours worked in excess of 40 hours in a workweek, Defendant acted with disregard of the applicable FLSA provisions. *See* 29 U.S.C. § 207(a).

23. Throughout Plaintiff's employment, the assembly line was insufficiently staffed to complete the daily tasks required by Defendant, resulting in Plaintiff being a daily active participant on the assembly line. Defendant's assembly line workers are clearly within the definition of "employee" under the FLSA provisions.

24. Upon being hired by Defendant, Plaintiff never participated in any managerial or leadership programs. Plaintiff did not receive any special training to be a supervisor. Rather, Plaintiff reported all incidents to Human Resources and awaited management's word on how to proceed accordingly.

25. Upon hiring, Plaintiff was named "supervisor" of an assembly line for Defendant. However, Plaintiff was not given discretion to: fire employees; grant requesting employees' vacation time; develop or alter employees' schedule, including Plaintiff's own schedule; permanently move employees to a different area of the assembly line to maximize efficiency; or promote employees under Plaintiff's alleged supervision. Instead, Plaintiff reported all mishaps, requests, and complaints to Human Resources, acting as a carrier pigeon between upper management and the other employees. Plaintiff was then given orders to follow by Human Resources, illustrating that any potential discretionary power to Plaintiff was non-existent.

26. Plaintiff was required to log and monitor Defendant's employees' bathroom behaviors, but Plaintiff could neither determine which employees abused bathroom privileges nor punish those employees who did constantly abuse bathroom privileges. Human Resources determined which employees abused bathroom privileges and sanctioned all punishments without ever consulting with Plaintiff.

27.     Plaintiff was constantly undermined by upper management. Workers "supervised" by Plaintiff knew Plaintiff did not have authority over them and that Plaintiff was required to report all incidents to Human Resources. Employees "supervised" by Plaintiff knew Plaintiff possessed the same amount of power as they did.

28.     Plaintiff could suggest to Human Resources which employees should be terminated by Defendant; however, Plaintiff's suggestions did not carry weight, as Human Resources' sole opinion determined which employees would be terminated.

29.     Plaintiff did not have any role in the application process, was not present during interviews of potential new employees, and only consulted with Human Resources to alert them if the assembly line was understaffed. Plaintiff's suggestions about understaffing constantly fell on deaf ears, as Human Resources never addressed these issues, resulting in Plaintiff being a daily active participant on the assembly line. Plaintiff's inclusion, or lack thereof, in all aspects of the interviewing process demonstrates that Plaintiff's "supervisor" role was a title that carried no weight with Defendant.

30.     Plaintiff's only additional role with Defendant was taking daily attendance of the staff. Plaintiff did not monitor employee's attendance, as attendance sheets were given to Human Resources to track employees' attendance.

31.     Defendant's attempts, or lack thereof, to place responsibility and discretionary powers with Plaintiff were constantly negated by upper management oversight, demonstrating that Plaintiff's "supervisor" title was an empty gesture by Defendant and carried little to no weight with it.

**FOR A FIRST CAUSE OF ACTION**
Failure to Comply With FLSA Regulations
Demanding Overtime Compensation
(29 U.S.C. § 207(a))

32. All prior allegations not inconsistent herewith are hereby realleged as fully and effectually as is set forth herein verbatim.

33. The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

34. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) hours in a workweek. *See* 29 U.S.C. § 207(a).

35. During all times relevant to this complaint, Plaintiff was a covered employee entitled to the FLSA's protections.

36. During all times relevant to this complaint, Plaintiff was not exempt from receiving the FLSA overtime benefits, because Plaintiff should not have been considered as an "executive," "administrative," or "professional" employee, as those terms are defined under the FLSA. *See* 29 C.F.R. 213(a)(1).

37. Defendant is a covered employer required to comply with the FLSA's mandates.

38. During all times relevant to this complaint, Defendant repeatedly violated the FLSA with respect to Plaintiff by failing to compensate Plaintiff at the rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

39. In violating the FLSA, Defendant acted with disregard of the clearly applicable FLSA provisions.

## FOR A SECOND CAUSE OF ACTION
(Retaliatory Discharge, S.C. Code Ann. § 41-1-80)

40. All prior allegations not inconsistent herewith are hereby realleged as fully and effectually as is set forth herein verbatim.

41. Defendant terminated Plaintiff because his instituted a workers' compensation claim for the injuries he sustained while within the scope of his employment with Defendant.

42. Defendant's termination of Plaintiff's employment was in violation of the provisions of S.C. CODE ANN. § 41-8-80 (sup. 2011) relation to retaliatory discharge.

43. Pursuant to S.C.CODE ANN. § 41-1-80, Plaintiff is entitled to an award of actual damages, including lost wages, and reinstatement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, seeks the following relief: back pay damages to the fullest extent permitted under federal law; liquidated damages to the fullest extent permitted under federal law; litigation costs, expenses, and attorneys' fees to the fullest extent permitted under federal law; and such other and further relief as this Court deems just and proper.

**CALLISON TIGHE & ROBINSON, LLC**

s/Janet E. Rhodes
Janet E. Rhodes, Esquire, Federal ID# 10521
1812 Lincoln Street
Post Office Box 1390
Columbia, South Carolina 29202-1390
Telephone: 803-404-6900
Facsimile: 803-404-6902
Email: JanetRhodes@callisontighe.com
*Attorney for the Plaintiff*

June 13, 2016
Columbia, South Carolina